Argued December 17, 1975, affirmed February 3, 1976

# STATE OF OREGON, *Respondent,*
## *v.*
# ALDEN WILBUR OCEAN, *Appellant.*
## (No. C 75-01-0050 Cr, CA 4994)
### 546 P2d 150

*Jeffrey Langston Rogers* of Metropolitan Public Defender, Portland, argued the cause and filed the brief for appellant.

*Donald L. Paillette,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Langtry and Fort, Judges.

FORT, J.

## FORT, J.

Defendant was charged with burglary in the second degree by Information of District Attorney, which alleged he "did knowingly and unlawfully enter a building located at 5253 Southeast 82nd Avenue, with the intent to commit the crime of theft therein * * *." Defendant waived a jury trial and was convicted by the court. He appeals, contending that ORS 164.215, the second degree burglary statute, does not apply to the actions for which he was convicted.

At the trial a store detective for Fred Meyer, Inc., testified that at about 8 p.m. on January 4, 1975, while the retail store where she worked was open to the public, she saw defendant pushing a shopping cart through the store, loading groceries into shopping bags. She testified that the defendant then pushed the cart out the door and into the parking lot without going through a check stand or paying for the groceries. After confronting him and bringing him back into the store, she recognized his name as that of a person who had been prohibited from entering any Fred Meyer, Inc., property.

Another Fred Meyer, Inc., detective testified that on June 8, 1974, seven months before and at another Fred Meyer store in Multnomah County, she had apprehended defendant for shoplifting groceries. Under authorization from the store management she had read to defendant a document barring him from any Fred Meyer property.[1] In the presence of two witnesses she had explained its meaning to defendant and he had signed it, indicating that he had read it.

Defendant did not put on any testimony at trial. In his brief he noted that he did not contest the evidence showing that he had the intent to commit theft at the time of his entry into the store.

Defendant urges three contentions why the trial judge erred in denying his motion for judgment of acquittal: (1) that the defendant's entry was not

[1] See following page for footnote.

¹The entire statement is reproduced here:

Date _____

Time _____

Location _____

You are prohibited from coming on the property or premises of any Fred Meyer, Inc. store for any reason at any time.

You are denied permission to shop in any Fred Meyer, Inc. store.

No employee of a Fred Meyer, Inc. store has the authority to grant permission to you to be on any Fred Meyer, Inc. store or property.

To enter such store or property may result in your arrest for criminal trespass in the second degree.

According to the Oregon Revised Statutes (164.245, section 139) a person commits the crime of criminal trespass in the second degree if he enters or remains unlawfully in or upon premises.

I have read the above information on criminal trespass. I also understand that this notice is effective immediately.

I further understand that the above notice and warning may be rescinded only by a written notification from a corporate officer of Fred Meyer, Inc.

Signed _____

Address _____

Date _____

Agent Giving Warning _____
Fred Meyer, Inc. Security Dept.

Witness _____
Store and Section

Witness _____
Store and Section

Plaintiffs
Defendents Exhibit _____2_____
Case No. 75-01-0050
Rec'd
James R. Ellis
Judge

unlawful under the burglary statute, ORS 164.215; (2) that a chain of retail stores cannot constitutionally ban a person permanently from entry onto its property; and (3) that the legislature did not intend ORS 164.215 to apply to entry with intent to commit theft into a retail store during business hours.

The first question requires an interpretation of the second degree burglary statute. ORS 164.215 (1) provides:

"A person commits the crime of burglary in the second degree if he enters or remains unlawfully in a building with intent to commit a crime therein."

"Enters or remains unlawfully" is defined in ORS 164.205(3):

" 'Enter or remain unlawfully' means:

"(a) To enter or remain in or upon premises when the premises, at the time of such entry or remaining, are not open to the public or when the entrant is not otherwise licensed or privileged to do so; or

"(b) To fail to leave premises that are open to the public after being lawfully directed to do so by the person in charge."

Both parties agree that defendant was not charged under ORS 164.205(3)(b), supra, so that to uphold his conviction, paragraph (a) must apply. Defendant argues that because of the words "or" and "otherwise" the second clause of paragraph (a) refers only to a time when the premises are not open, so defendant Ocean is not correctly charged or convicted.

In Proposed Oregon Criminal Code 143, § 135 (1970), the Criminal Law Revision Commission defined "enter or remain unlawfully" as follows:

"(3) 'Enter or remain unlawfully' means to enter or remain in or upon premises when the premises, at the time of such entry or remaining, are not open to the public *and* when the actor is not otherwise licensed or privileged to do so." (Emphasis supplied.)

The Commission later amended § 135(3), changing "and" to "or," so that the last clause became an alter-

native to the first. Minutes, Criminal Law Revision Commission, Subcommittee No. 1, November 19, 1970, pp 1-8; Minutes, Criminal Law Revision Commission, December 10, 1970, pp 1-3. The legislature adopted this change when it adopted the Criminal Code. Oregon Laws 1971, ch 743, § 135. We conclude that in adopting its amended version the legislature intended that the clause following "or" refer to a person who does not have a license to enter as a member of the general public even when the premises are otherwise open to the public. *See: Roy L. Houck & Sons v. Tax Com.,* 229 Or 21, 32, 366 P2d 166 (1961); *Lommasson v. School Dist. No. 1,* 201 Or 71, 79, 261 P2d 860, 267 P2d 1105 (1953).

■   ORS 164.205(4) defines "open to the public" for the purposes of the burglary and criminal trespass statutes as follows:

> " 'Open to the public' means premises which by their physical nature, function, custom, usage, notice or lack thereof or other circumstances at the time would cause a reasonable person to believe that no permission to enter or remain is required."

Since defendant Ocean had been prohibited from entering any Fred Meyer store at all without permission from an officer of the corporation, he was not a member of the general public to whom the premises were open, even during business hours. By virtue of that notice he was neither a business visitor nor a licensee when he entered the premises with an intent to steal, but a trespasser.

Defendant cites *State v. Taylor,* 17 Or App 499, 522 P2d 499, Sup Ct *review denied* (1974), in support of his argument that the burglary statute does not apply to defendant's actions. In that case we said:

> "* * * Under these statutes [ORS 164.215(1), 164.205(3)(a) and (4)], when a person enters or remains in an area that, at the time he enters or remains is 'open to the public,' the act of entering or remaining is not 'unlawful' and cannot be the basis of a burglary charge." 17 Or App at 501.

In making that statement, however, this court quoted and considered only the first clause of ORS 164.205(3)(a) and not the clause under which defendant Ocean was convicted. Also, this case can be distinguished from *Taylor* because defendant Ocean had previously been barred from the property by the owner.

■ Defendant contends that even if the statute is to be interpreted to make his entry unlawful, it is unconstitutional for a retail chain store to permanently bar an individual from any of its premises. In this case, defendant was originally barred because he was found shoplifting, his second entry was made with intent to shoplift, it was seven months later, and it was in the same county. On these facts, we find no constitutional violation. *See:* 1971 Duke L J 995.

■ Defendant's third reason why motion for judgment of acquittal should have been granted is that the legislature did not intend that the burglary statute cover entering a store with intent to commit theft when the store was open to the public. He contends that burglary is a more serious crime than that and involves some type of breaking and entering. In its Commentary to § 136, burglary in the second degree, in Proposed Oregon Criminal Code (1970), the Criminal Law Revision Commission stated at page 44:

> "The basic definition of burglary and the lowest degree of the crime is dealt with by this section. It amounts to nothing more than a form of criminal trespass with two aggravating factors: (1) the premises invaded constitute a 'building'; and (2) the intruder enters or remains with intent to commit a crime therein."

We conclude that the legislature's intent was that actions such as defendant's would be included under ORS 164.215.

Affirmed.