[No. 7689-6-II. Division Two. December 19, 1984.]

THE STATE OF WASHINGTON, *Respondent,* v. ROBERT WADE McDANIELS, *Appellant.*

*Rachel Mann,* for appellant (appointed counsel for appeal).

*Henry R. Dunn, Prosecuting Attorney,* and *Bert Paul, Deputy,* for respondent.

PETRIE, J.—Robert Wade McDaniels was found guilty at a juvenile court fact–finding hearing of second degree burglary. RCW 9A.52.030. He appeals from a disposition order, challenging the sufficiency of the evidence to support the conviction and the trial court's authority to impose a sentence of community supervision[1] following expiration of a standard range commitment of 40 weeks. We affirm the burglary conviction, finding sufficient evidence in support thereof, but strike that portion of the sentence imposing community supervision on the ground that the trial court exceeded its statutory authority.

On the evening of Saturday, December 17, 1983, the Kelso First Assembly of God church was open for prayer services and worship. Sometime between 7 and 7:30 that evening, McDaniels and two other teenage companions, Ted and Kevin, entered the unlocked front door of the

---

[1]Although the disposition order expressly refers to one year of "probation," it is clear by the terms of the disposition that the trial court was imposing "community supervision." RCW 13.40.020(3).

church. A church member, who was preparing for prayer services at the altar, testified that he observed the three boys entering the church and, thinking that they were not coming to the services, left the altar to approach them. He asked them what they wanted. McDaniels responded that they were waiting for a friend. The church member told them he "just didn't want to believe it." McDaniels and his companions then departed without incident through a side door.

Outside of the church, Ted suggested stealing a woman's coat he had observed hanging on a rack near the east entrance of the church. McDaniels and Kevin agreed to assist in obtaining the coat. Kevin remained outside as a "lookout" while McDaniels and Ted reentered the church through an unlocked side door. McDaniels positioned himself to watch the church members in the chapel while Ted grabbed the coat. Both then ran out the front door of the church, continuing on foot to a convenience store. The coat was later found by the police behind a nearby office building, and an arrest was made.

The trial court expressly found that McDaniels (1) entered the church unlawfully (2) with the intent to commit theft and entered judgment convicting him of second degree burglary under RCW 9A.52.030.

RCW 9A.52.030 in relevant part states:

> A person is guilty of burglary in the second degree if, with intent to commit a crime against a person or property therein, he *enters or remains unlawfully* in a building other than a vehicle.

(Italics ours.) RCW 9A.52.010(3) provides that "[a] person 'enters or remains unlawfully' in or upon premises when he is not then licensed, invited, or otherwise privileged to so enter or remain."

McDaniels contends that the State failed to prove him guilty of burglary beyond a reasonable doubt because it failed to prove an essential element of the crime, namely, that his entry was "unlawful." RCW 9A.52.010(3). McDaniels does not dispute the trial court's finding that he

entered the church with the intent to commit a crime, but asserts that the State adduced no proof, apart from the entry with intent to commit theft, to establish that the second entry was not "licensed, invited, or otherwise privileged." McDaniels further asserts that because the church was open to the public at the time of the theft he could not enter or remain "unlawfully."

In essence, McDaniels attacks the sufficiency of the evidence to support a conviction. Thus, the appropriate inquiry is "whether, after viewing the evidence in the light most favorable to the prosecution, *any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.*" *State v. Green,* 94 Wn.2d 216, 221, 616 P.2d 628 (1980). Any challenge to the sufficiency of the evidence admits all inferences that reasonably can be drawn therefrom. *State v. Delmarter,* 94 Wn.2d 634, 638, 618 P.2d 99 (1980).

In reviewing the sufficiency of the evidence to support the conviction, we must necessarily examine the trial court's findings of fact. JuCR 7.11(c); *see also* RCW 13.40.130(4).[2] While the trial court's written findings here are conclusory, they may be supplemented by undisputed evidence from the record. *See State v. Holland,* 98 Wn.2d 507, 518, 656 P.2d 1056 (1983). We are convinced, after considering the entire record before us, including the court's oral opinion, that the trial court properly concluded that the State proved the essential elements of second degree burglary beyond a reasonable doubt.

We do not dispute McDaniels' contention that the second degree burglary statute requires the State to prove two elements (1) intent to commit a crime and (2) an entry which is not "licensed, invited, or otherwise privileged . . ." *State*

---

[2]Although the sufficiency of the trial court's findings was not raised by the parties, we believe it must be considered to properly decide the case.

RCW 13.40.130(4) provides:

"The court shall record its findings of fact and shall enter its decision upon the record. Such findings shall set forth the evidence relied upon by the court in reaching its decision."

*v. Steinbach,* 101 Wn.2d 460, 462, 679 P.2d 369 (1984). However, McDaniels' argument that there was no *independent* proof (apart from entry with criminal intent) tending to show McDaniels' second entry was not privileged is misplaced. Therefore, we need not reach McDaniels' corollary contention that burglary cannot be committed in a building while it is open to the general public.

█ Unlawful entry, like any other element of a crime, may be proved by circumstantial evidence. *State v. Gear,* 30 Wn. App. 307, 310, 633 P.2d 930 (1981); *see also State v. Rhoads,* 101 Wn.2d 529, 532, 681 P.2d 841 (1984). In our view, the evidence, as presented by the State, supports an inference that McDaniels' second entry into the church was not "licensed, invited, or otherwise privileged." Undisputed evidence established that the Kelso First Assembly of God church was open solely for the purpose of worship and prayer. The testimony of a church member established that when McDaniels and his companions first entered into the church they were intentionally confronted because it did not appear they were entering the church for evening services. The church member further testified that McDaniels departed after being told that his story, that he was waiting for a friend, was not believed. The evidence finally established and McDaniels concedes that he did not reenter the church for purposes consistent with the purpose for which the church was held open to the public. This evidence, when viewed in the light most favorable to the State, together with all inferences which can reasonably be drawn therefrom, was sufficient to enable a rational trier of fact to find beyond a reasonable doubt that McDaniels was not licensed, invited, or privileged to reenter the church. *State v. Green, supra.*

McDaniels finally contends that the trial court exceeded its authority by imposing community supervision following release from commitment in addition to the standard range sentence of 40 weeks. The State concedes this and requests that we modify the disposition order.

The conviction is affirmed, but the erroneous portion of McDaniels' disposition order is stricken.

WORSWICK, A.C.J., and REED, J., concur.