[No. 17583-5-II.   Division Two.   February 9, 1996.]

THE STATE OF WASHINGTON, *Respondent*, v. JOSHUA WADE CRIST, *Appellant*.

512

*Michael G. Borge* and *Richard N. Johnson, P.C.*, for appellant (appointed counsel for appeal).

*Arthur D. Curtis, Prosecuting Attorney*, and *Rick W. Olson, Deputy*, for respondent.

HOUGHTON, J. — Joshua Wade Crist appeals his conviction for residential burglary of his father's locked bedroom, arguing that as a juvenile he has a privilege to be in his parent's home, which is a defense to residential burglary. We affirm.

Crist was charged by information with residential burglary, malicious mischief III, and theft III. Crist was tried on stipulated facts and does not challenge any of the trial court's findings:

1. That on August 17, 1993, Virgil Crist did reside at 13801 NE 50th Street, Vancouver, Clark County, Washington as his primary dwelling.

2. Joshua Wade Crist, dob: 09-19-76 is a minor child of Virgil Crist.

3. Virgil Crist provides the residence of 13801 NE 50th Street as a dwelling for Joshua Wade Crist but has placed a lock upon his (Virgil Crist's) bedroom and has informed Joshua Wade Crist that he may not enter said locked bedroom without permission[,] which is one of the rooms located in said dwelling located at 13801 NE 50th Street in Clark County, Washington.

4. On August 17, 1993[,] Joshua Wade Crist was inside the dwelling of Virgil Crist, located at 13801 NE 50th Street and on that date he kicked upon the locked door to his father's bedroom and that later he and an unrelated juvenile friend cut said door open with a handsaw causing less than $50.00 damage to said door.

5. On August 17, 1993[,] Molly Crist and Dayna Crist observed their older brother cut open their father['s] locked bedroom door[,] but were prevented by Joshua Wade Crist from calling the father who was at work.

6. On August 17, 1993, Joshua Wade Crist entered the locked bedroom of his father to unlawfully take items within said bedroom and that he did in fact take U.S. currency and cigarettes which belonged to Virgil Crist.

7. That on August 17, 1993[,] Virgil Crist did not give Joshua Crist permission to enter said locked bedroom and Joshua Crist had no permission to take said items which belonged to Virgil Crist.

The trial court concluded that Crist was guilty of all three charges and sentenced him within the standard range.

On appeal, Crist contends the trial court erred in entering Conclusion of Law 8, finding him guilty of residential burglary. He argues that no residential burglary occurs when a child who has access to common areas of a dwelling, but is restricted from a particular area of the dwell-

ing, enters the restricted area to commit a theft. We hold Crist's entry into his father's locked bedroom constituted unlawfully remaining sufficient to meet the elements of residential burglary.

■■ Crist fails to assign error to any of the trial court's findings, which are therefore treated as verities on appeal. *State v. Gentry*, 125 Wn.2d 570, 605, 888 P.2d 1105, *cert. denied*, 116 S. Ct. 131 (1995). Because the facts are undisputed and the only issues are questions of law, the standard of review is de novo. *Shafer v. Board of Trustees of Sandy Hook Yacht Club Estates, Inc.*, 76 Wn. App. 267, 273, 883 P.2d 1387 (1994), *review denied*, 127 Wn.2d 1003 (1995) (citing *Department of Labor & Indus. v. Fankhauser*, 121 Wn.2d 304, 308, 849 P.2d 1209 (1993)).

"A person is guilty of residential burglary if, with intent to commit a crime against a person or property therein, the person *enters or remains* unlawfully in a dwelling other than a vehicle." RCW 9A.52.025(1) (italics ours). "A person 'enters or remains unlawfully' in or upon [a] premises when he is not then licensed, invited, or otherwise privileged to so enter or remain." RCW 9A.52.010(3). A " '[d]welling' " is "any building or structure, though movable or temporary, or *a portion thereof*, which is used or ordinarily used by a person for lodging[.]" RCW 9A.04.110(7) (italics ours).

■■ Crist committed a residential burglary by remaining unlawfully in a dwelling. "Unlawful remaining" occurs when (1) a person has lawfully entered a dwelling pursuant to license, invitation or privilege; (2) the invitation, license or privilege is expressly or impliedly limited; (3) the person's conduct violates such limits; and (4) the person's conduct is accompanied by intent to commit a crime in the dwelling. *State v. Thomson*, 71 Wn. App. 634, 640, 861 P.2d 492 (1993) (citing RCW 9A.52.030(1); RCW 9A.52.020(1); RCW 9A.52.010(3); *State v. Collins*, 110 Wn.2d 253, 751 P.2d 837 (1988); *State v. Rio*, 38 Wn.2d 446, 230 P.2d 308, *cert. denied*, 342 U.S. 867 (1951)); RCW 9A.52.025(1); RCW 9A.04.110(7).

The first step of the "unlawful remaining" analysis requires that the entry be privileged. Crist argues that he was privileged to enter his father's home, based on the duty of a parent to provide care for a child. We agree; however, Crist's privilege merely indicates that he lawfully entered the dwelling pursuant to a privilege, which satisfies the first step of the remaining analysis.

The second step is to determine whether the privilege was effectively expressly or impliedly limited. The trial court found Crist had been informed that he could not enter Virgil Crist's locked bedroom. From this finding, the trial court concluded that Virgil Crist expressly ordered his son to stay out of his bedroom. This finding and conclusion indicate that Crist had knowledge of the express limitation placed on his access to Virgil Crist's bedroom. Moreover, Crist had to saw through the bedroom door to obtain access, indicating a strong implied limitation on his privilege.

Crist asserts that pursuant to the parental duty of care codified as RCW 26.20.035(1)(a) and (b), he cannot be excluded from any portion of the family home. *See State v. Howe*, 116 Wn.2d 466, 469, 805 P.2d 806 (1991). A parent's duty to care for a child results in "the child having a privilege to enter the family home." *Howe*, 116 Wn.2d at 469. That duty, however, does not require that a child who has been given access to most of the house be given access to the parent's bedroom as well. Thus Crist's reliance on *Howe* is misplaced.

The third step is to determine whether defendant violated the limits of his invitation, and the fourth is to determine whether he did so with intent to commit a crime in the building. The trial court found that Crist violated the established limits when he cut through the locked door with a handsaw, and concluded that Crist entered the bedroom by knowingly and maliciously cutting open the door. It also found that Crist intended to take Virgil Crist's cigarettes and money. We therefore

hold that Crist violated the "unlawful remaining" portion of the residential burglary statute.[1]

Affirmed.

SEINFELD, C.J., and MORGAN, J., concur.

---

[1]Violation of either the entering or remaining provisions is sufficient to uphold Crist's conviction: Residential burglary occurs when a person remains *or* enters a dwelling with unlawful intent. RCW 9A.52.025(1). Unless the legislative intent is contrary, the term "or" in a statute is presumed to be disjunctive. *Town of Clyde Hill v. Rodriguez*, 65 Wn. App. 778, 782, 831 P.2d 149, *review denied*, 119 Wn.2d 1022 (1992).