[No. 16375-0-III.   Division Three.   February 26, 1998.]

THE STATE OF WASHINGTON, *Respondent*, v. ROBERT L. KUTCH, *Appellant*.

*Philip E. Nino*, for appellant.

*Jeffrey C. Sullivan, Prosecuting Attorney*, and *Bruce Hanify, Deputy*, for respondent.

SWEENEY, J. — Second degree burglary requires an unlaw-

ful entry. RCW 9A.52.030(1). Unlawful entry includes entry that is neither licensed nor invited. RCW 9A.52.010(3). Security guards caught Robert Kutch shoplifting at Mervyn's in the Yakima Mall. They, by written and verbal notice, expressly banned him from entering the mall for a year. He nonetheless again entered and shoplifted at Mervyn's. The dispositive question here is whether his violation of the notice revoking his invitation was sufficient to base the unlawful entry element of second degree burglary. We conclude that it is and affirm the conviction.

## FACTS

Robert Kutch shoplifted from the Mervyn's store in the Yakima Mall on April 30, 1996. Mervyn's security guards arrested Mr. Kutch for the crime. They also handed him a written form notifying him that his invitation to enter the Yakima Mall, including Mervyn's, was revoked for one full year. The written notice also informed him that if he entered the mall during that year, he would be charged with criminal trespass. And if he shoplifted again he would be charged with second degree burglary. He signed the form.

Six months later Mr. Kutch again entered Mervyn's, shoplifted clothing, but escaped. A week later Mr. Kutch again entered the store and shoplifted. This time he was arrested. The State charged Mr. Kutch with two counts of second degree burglary. The first count was dismissed pursuant to a plea bargain. The trial court found him guilty of second degree burglary on stipulated facts on the second count. He appeals.

## DISCUSSION

"A person is guilty of burglary in the second degree if, with intent to commit a crime against a person or property therein, he enters or remains unlawfully in a building . . . ." RCW 9A.52.030(1). "A person 'enters or remains unlawfully' in or upon premises when he is not then

licensed, invited, or otherwise privileged to so enter or remain." RCW 9A.52.010(3).

■ Mr. Kutch does not assign error to any of the court's findings of fact. He objects only to the court's conclusion that he entered the mall unlawfully. Br. of Appellant at 1. We review de novo. *State v. Crist*, 80 Wn. App. 511, 514, 909 P.2d 1341 (1996).

His contention raises three questions:

- Can a store owner, or here the mall, revoke an invitation to a member of the public, otherwise invited to enter?

- Was it done here?

- Is the revocation of that invitation sufficient to provide a basis for the unlawful entry requirement of second degree burglary?

■ Can an invitation to the public be revoked? Mr. Kutch relies on *State v. Blair*, 65 Wn. App. 64, 827 P.2d 356 (1992) for his contention that notice by the operator of a public mall is not enough to prohibit (and thereby make unlawful) Mr. Kutch's entry into the Yakima Mall. He is mistaken. A private property owner may restrict the use of its property to those purposes for which it is lawfully dedicated so long as the restrictions are not discriminatory. *Id.* at 67 (citing *Adderley v. Florida*, 385 U.S. 39, 47, 87 S. Ct. 242, 17 L. Ed. 2d 149 (1966)).

The question in *Blair* was whether police had probable cause to arrest based on their prior admonition not to return. *Blair*, 65 Wn. App. at 69. The court concluded they did not. *Id.* But the court in *Blair* also concluded that a public housing authority could exclude the general public and "No Trespassing" signs were enough to do it. *Id.* at 68.

The right to exclude extends even if the property is otherwise open to the public. *See State v. McDaniels*, 39 Wn. App. 236, 240, 692 P.2d 894 (1984); *State v. Cargill*, 100 Or. App. 336, 342, 786 P.2d 208 (1990) (prohibiting a known shoplifter from entering a store is lawful), *aff'd*, 316

Or. 492, 851 P.2d 1141 (1993); *State v. Ocean*, 24 Or. App. 289, 294, 546 P.2d 150 (1976). Here, the Yakima Mall could exclude Mr. Kutch as a known shoplifter.

Was the written notice sufficient to exclude Mr. Kutch? Mr. Kutch argues, without authority, that the notice here was insufficient because (1) neither the mall's owner nor its agent subscribed to the ban, (2) Mr. Kutch was not given a copy, and (3) Mr. Kutch suffered from substance abuse and did not know what he was signing at the time. None is adequate to vitiate the notice.

The security guard was an employee of Mervyn's, a tenant in the mall. Mr. Kutch makes no showing that the security guard was acting outside his authority. That security guard and a Yakima police officer explained the revocation to Mr. Kutch. He signed it. By signing, Mr. Kutch acknowledged that he had read and understood the restrictions. Contrary to the police report, Mr. Kutch claims he was not given a copy of the notice. He cites no authority that would require that he be given a copy. And we can find none. A verbal notice might just as adequately inform him that his invitation had been revoked.

The notice here was specifically directed to Mr. Kutch. The guards explained the consequences of his re-entering the mall. In *Blair*, "No Trespassing" signs were sufficient notice. *Blair*, 65 Wn. App. at 68. The trial court here entered a finding that "[a]s part of being caught for shoplifting, Defendant was read and signed a form containing his name, date of birth and photograph in which he acknowledged that he was banned from the entire Yakima Mall, including Mervyn's for a calendar year . . . ." Mr. Kutch does not assign error to this finding of fact. It is therefore a verity on appeal. *Crist*, 80 Wn. App. at 514.

The express revocation here included both time and place—one full year from mall premises. This was a valid limitation. *State v. Thomson*, 71 Wn. App. 634, 638, 861 P.2d 492 (1993). The written revocation clearly informed Mr. Kutch he was not licensed, privileged, or otherwise invited to be on the premises. RCW 9A.52.010(3). We

conclude Mr. Kutch was sufficiently notified that he was no longer invited into the mall as a member of the general public.

■ Is the revocation of Mervyn's invitation sufficient to form the basis of an unlawful entry? A person's presence may be unlawful because of a revocation of the privilege to be there. *State v. Collins*, 110 Wn.2d 253, 258, 751 P.2d 837 (1988). And a person whose invitation has been expressly limited or revoked who exceeds that limitation, or contrary to the revocation enters the building with intent to commit a crime, "engages in .conduct that is both burglarious and felonious." *Thomson*, 71 Wn. App. at 638.

In *McDaniels*, a juvenile was convicted of second degree burglary for stealing a coat from a church, generally open to the public. *McDaniels*, 39 Wn. App. at 240. The court concluded that his entry into the church was unlawful because immediately prior to the entry he had been told that the church was open only to those who were there to pray. Mr. McDaniels was not there to pray. He was asked to leave. That request ended his privilege to be in the church and resulted in his second entrance being unlawful for purposes of the burglary statute. *Id.*

Other states have reached similar results. In *Ocean*, 24 Or. App. 289, the defendant had been caught shoplifting at Fred Meyer. The store barred him from entering any Fred Meyer store. Seven months later he was again caught stealing in a Fred Meyer store. He was charged with burglary. The court in *Ocean* held he was "neither a business visitor nor a licensee when he entered the premises with an intent to steal, but a trespasser." *Ocean*, 24 Or. App. at 294. "[H]e was not a member of the general public to whom the premises were open, even during business hours" because of the notice. *Id. See also State v. Woods*, 624 So. 2d 739 (Fla. Dist. Ct. App. 1993), *review denied*, 634 So. 2d 629 (Fla. 1994). The Oregon Court of Appeals upheld the conviction for burglary. *Ocean*, 24 Or. App. at 295.

For purposes of the unlawful entry element of second

degree burglary, the prior notice given to Mr. Kutch effectively revoked his invitation to go into the mall premises.

We affirm his conviction.

SCHULTHEIS, C.J., and KURTZ, J., concur.