BARFIELD, J.
The appellant, Colt Randell Thomas, appeals his convictions of first-degree mur *877 der, burglary, and grand theft. We reverse and remand for further proceedings.
Appellant entered his wife’s place of employment, a convenience store, followed her to a back room and began firing a handgun he had taken from his brother’s residence. Two shots hit the victim, killing her. One shot hit appellant in the head. Appellant was initially determined to be incompetent to stand trial and was placed in a treatment center. Several months later, appellant was determined to be competent to proceed to trial.
Prior to trial, appellant moved to suppress statements made to Investigator Russ Williams while appellant was a patient at Lake City Medical Center recovering from surgery due to the bullet wound to his head. During the hearing on the motion, the prosecutor agreed that the statements would not be admissible during the state’s case-in-chief. The prosecutor also stipulated that the public defender had been appointed to represent appellant before the statement was taken, and that Williams did not contact the public defender before speaking with appellant. The trial judge denied the motion to suppress the statement.
Appellant also moved to suppress responses he made to questions asked by Sheila Slack, an employee, at Lake City Medical Center. The prosecutor stated these statements were privileged and therefore inadmissible during the state’s case-in-chief, but that the statements might be admissible during the state’s rebuttal. The trial judge ruled the statements could not be used during the state’s case-in-chief but the order did not prevent the state from entering the statements during rebuttal, with leave of court, should the need for rebuttal be shown.
Appellant argues that the trial judge erred in denying motions for mistrial after witnesses made reference to statements made by appellant. The first reference was during the testimony of defense witness Dr. Ravindra, a psychiatrist. Appellant asserted insanity as a defense, and told several experts that he did not recall a period of time from several days before the charged offenses until he awoke in the hospital. Dr. Ravindra testified that it was her opinion that appellant was not sane at the time of the offenses based in part on the appellant’s use of prescription drugs combined with the consumption of alcohol. On cross-examination, the prosecutor asked Dr. Ravindra what reports she had relied on in determining appellant was suffering from depression on the day of the offenses. Dr. Ravindra replied that she had looked at the report from Lake City Medical Center. When asked if she considered the statements appellant made to a psychological nurse at the Center where “he detailed the crime,[1]” Dr. Ravin-dra stated she did not see those records. Defense counsel then moved for a mistrial because the prosecutor had testified before the jury to inadmissible privileged information. The motion for mistrial was denied and the judge denied the request for a curative instruction.
During the state’s rebuttal, psychiatrist Dr. Werner-Johnson testified that it was her opinion that appellant was sane at the time of the charged offenses. Dr. Wer-ner-Johnson noted that the fact that appellant had concealed the firearm as he entered the convenience store supported her opinion. When asked the source of the information that he had concealed the weapon, she stated “I received an audio *878 tape prior to my last testimony in this case of a taped confession of the defendant.”[2] Defense counsel objected and moved for mistrial, and argued the witness had just placed into evidence the taped statement obtained by Investigator Williams in violation of appellant’s right to counsel. The motion for mistrial was denied, but the trial judge gave the following curative instruction:
Ladies and Gentlemen of the Jury, you should disregard the last answer given by the witness. It should form no part of your decision in this case. One Witness’ comment on their interpretation or impression of any other witness’ pretrial statement should not influence your decision in any way.
The characterization of a pretrial statement as a statement, recording, testimony, deposition, recitation confession or any other descriptive word is not evidence to be considered by you in reaching your verdict.
You are to decide your verdict based on the evidence produced and presented in court before you.
The audio tape that has been referred to has been reviewed by me prior to trial and cannot and will not be used in this trial. It is inappropriate to be placed before you in any way. You should totally disregard any comment about it. The alleged statement has no validity as evidence in this trial. It was unreliable, made under the influence of strong medications after brain surgery and in violation of the defendant’s constitutional rights. You should not consider it in any way.
We agree with appellant that the effect of the jury hearing testimony from two separate witnesses that appellant had made statements to two different persons either confessing or giving details of the crimes was highly prejudicial given the basis of his defense and the testimony of •the defense witnesses. We appreciate the difficult position the trial judge was in, and approve his effort to salvage a lengthy trial by giving a curative instruction after the second motion for mistrial. The instruction, however, seemed to emphasize that appellant had given a taped confession which the trial judge had heard, but that the jury was not to consider the confession due to a legal technicality. Under the circumstances, a mistrial should have been granted. Accordingly, we reverse the convictions and remand for a new trial.
Appellant also appeals the trial judge’s determination that he was competent to stand trial. While the record does contain evidence that would support a finding that appellant was competent to proceed, we note discrepancies between the evidence in the record and the trial judge’s findings. It is questionable whether the same finding of competency would be made absent the inconsistencies. We therefore direct the trial judge to reconsider competency before proceeding with a re-trial.[3]
Finally, appellant correctly argues (and the state concedes) that the trial judge erred in denying appellant’s motion to dismiss the burglary charge because the convenience store was open to the public. For purposes of remand, this issue is con *879 trolled by the decision in State v. Byars, 823 So.2d 740 (Fla.2002).[4]
REVERSED and REMANDED.
BOOTH and ALLEN, JJ., concur.

. The prosecutor was referring to the notes in the Lake City Medical Center records of Sheila Slack.

. The witness was referring to the taped interview of appellant conducted by Investigator Williams while appellant was hospitalized after surgery.

. Appellant correctly asserts that the state did not establish a proper basis for admission of the notes of Sheila Slack, an employee of Lake City Medical Center, during the competency hearing.

. We reject the remaining issues raised on appeal.