IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 34905-5-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| ANTONIO MARCELL MITCHELL, | ) | |
| | ) | |
| Appellant. | ) | |

PENNELL, J. — Antonio Mitchell appeals his convictions for first degree criminal trespass and possession of a controlled substance. We affirm.

FACTS

On July 15, 2016, Mr. Mitchell had several interactions with a security guard at the Spokane Intermodal Center (the Intermodal). The Intermodal houses a bus and train station. There is also a gift shop, restaurant, restrooms, and police substation. The police substation is staffed from about 8:30 a.m. to 5:00 p.m. When officers are not present at

the substation, private security guards patrol the Intermodal. The Intermodal has posted signs stating, "no ticket no loitering." Verbatim Report of Proceedings (VRP) (Oct. 25, 2016) at 152.

Mr. Mitchell's first interaction with the security guard took place around 5:00 p.m. The guard noticed Mr. Mitchell sitting on a bench and asked if he had a ticket. Mr. Mitchell said he did not. The guard then told Mr. Mitchell to leave and Mr. Mitchell complied. Mr. Mitchell returned to the Intermodal at 8:00 p.m. and again at 8:30 p.m. On both occasions, Mr. Mitchell complied with the guard's instructions to leave. Mr. Mitchell returned to the Intermodal a final time at 8:50 p.m. This time, Mr. Mitchell was not compliant. The security guard told Mr. Mitchell he was trespassing, but Mr. Mitchell refused to leave. By this point in the evening, none of the businesses at the Intermodal were open and the restrooms were closed and locked.

July 15 was not the first time Mr. Mitchell was discovered loitering at the Intermodal. The security guard had several previous interactions with Mr. Mitchell. The guard was not certain as to whether Mr. Mitchell had ever been issued a written trespass notice. However, the guard knew he had told Mr. Mitchell "numerous times" that he was trespassed and that Mr. Mitchell would not be allowed inside the Intermodal if he was not "actually travelling." VRP (Oct. 25, 2016) at 173.

After Mr. Mitchell refused to leave the Intermodal on July 15, the security guard contacted law enforcement. An officer with the Spokane Police Department responded to the scene, spoke to the security officer, and confirmed via dispatch that Mr. Mitchell had previously received a formal trespass notice from the Intermodal. The police officer then arrested Mr. Mitchell for trespass. During a subsequent search incident to arrest, law enforcement found methamphetamine on Mr. Mitchell's person. Mr. Mitchell was charged with both first degree criminal trespass and possession of a controlled substance.

During Mr. Mitchell's jury trial, the State presented testimony from the security guard and the police officer regarding the foregoing events. No documentary evidence was produced regarding the formal trespass notice referenced during the police officer's testimony. The jury convicted Mr. Mitchell of both trespass and unlawful possession of a controlled substance. Mr. Mitchell appeals.

## ANALYSIS

Mr. Mitchell's entire appeal turns on whether there were sufficient facts to justify his arrest and conviction for criminal trespass. Mr. Mitchell focuses on the State's inability to produce a written trespass notice, confirming Mr. Mitchell had been validly trespassed from the Intermodal prior to July 15, 2016. Mr. Mitchell's argument misses the mark. Proof of a written trespass notice was not critical to the State's case. The State

3

presented overwhelming evidence that Mr. Mitchell refused to comply with a lawful order to leave the Intermodal, orally issued by the Intermodal's security guard. This was enough to justify Mr. Mitchell's arrest and conviction.

First degree criminal trespass occurs when an individual "knowingly enters or remains unlawfully in a building." RCW 9A.52.070. A person "enters or remains unlawfully" in a building "when he or she is not then licensed, invited, or otherwise privileged to so enter or remain." RCW 9A.52.010(2). It is a defense to trespass that a building was "at the time open to members of the public" and that the individual "complied with all lawful conditions imposed on access to or remaining in" the building. RCW 9A.52.090(2).

There are no set legal requirements for a valid trespass order. A security guard can issue an oral trespass order, revoking an individual's license to remain in a building that is otherwise open to the public. *State v. Kutch*, 90 Wn. App. 244, 247, 951 P.2d 1139 (1998). To withstand a defense under RCW 9A.52.090(2), the guard's order must be based on an individual's failure to comply with lawful conditions imposed on access to the building. One type of lawful condition is that members of the public refrain from loitering. *See, e.g.*, *State v. R.H.*, 86 Wn. App. 807, 812, 939 P.2d 217 (1997).

4

Here, the security guard lawfully ordered Mr. Mitchell to leave the Intermodal. Although the Intermodal is a building generally open to the public, access is limited to those individuals who are "actually travelling," dropping off or picking up someone who is travelling, or otherwise patronizing the Intermodal's businesses. The conditions on public access to the Intermodal are clearly stated on signs prohibiting loitering by individuals who do not have tickets for travel. The conditions were also relayed to Mr. Mitchell, who was told he could not be at the Intermodal unless he was actually at the Intermodal to travel or purchase a ticket for travel.

This would be a different case had Mr. Mitchell been arrested for trespass based merely on his entry into the Intermodal. In such circumstances, the State would need to prove Mr. Mitchell's entry was prohibited by a lawfully-issued trespass notice, informing Mr. Mitchell of the terms of his exclusion. *Kutch*, 90 Wn. App. at 248-49; *State v. Green*, 157 Wn. App. 833, 851, 239 P.3d 1130 (2010).

But Mr. Mitchell was arrested for unlawfully *remaining* at the Intermodal after he admitted he did not meet the conditions for entry and refused to leave. In such circumstances, there was no need for a previously issued order. The facts surrounding the oral trespass order are sufficient to establish Mr. Mitchell's unlawful presence at the Intermodal. *Green*, 157 Wn. App. at 852 (due process satisfied so long as the State

No. 34905-5-III
*State v. Mitchell*

proves factual basis for trespass order).

CONCLUSION

The judgment of conviction is affirmed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_____
Pennell, J.

WE CONCUR:

_____
Korsmo, J.

_____
Lawrence-Berrey, A.C.J.

6