IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 34633-1-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| GABRIEL XAVIER BROADWAY, | ) | |
| | ) | |
| Appellant. | ) | |

LAWRENCE-BERREY, J. — Gabriel Xavier Broadway,[1] a minor, appeals his

adjudication for residential burglary. We affirm.

FACTS

Gabriel lived with his parents and siblings in Pasco, Washington. Gabriel shared a

bedroom with his brothers, which had access to a communal bathroom. The communal

bathroom also led to another bedroom belonging to his stepsister, Cheyenne. Gabriel had

been repeatedly told to stay out of Cheyenne's bedroom. Both doors leading to

_____

[1] We refer to the Broadway family by their first names for clarity.

Cheyenne's bedroom were locked to keep Gabriel out. These security measures stemmed from Gabriel's lengthy history of stealing Cheyenne's personal belongings.

On February 16, 2016, Cheyenne came home and entered her bedroom. She immediately noticed movement in the shadows of her bedroom. From the shadows, she noticed a figure quickly hurrying to the door leading to the communal bathroom. Cheyenne realized the figure was Gabriel, and she ran downstairs to tell her mother. The family called law enforcement who came to investigate. Law enforcement found a kitchen knife hidden in the communal bathroom and pry marks on the bathroom door to Cheyenne's bedroom.

The State charged Gabriel with residential burglary. The State specially alleged a sexual motivation enhancement.

At trial, Gabriel's family testified about the history of theft in the household. Cheyenne testified that over the past few years, Gabriel had taken money and personal belongings from her bedroom multiple times, including clothing and feminine hygienic products, which is why their parents had barred him from her bedroom. The family found the stolen items in either the boys' shared bedroom or the bathroom.

Gabriel's stepmother Cheri also testified about Gabriel's history of stealing. Cheri had disciplined Gabriel multiple times for taking items. Cheri had also installed locks on

2

the master bedroom door and on the doors to Cheyenne's bedroom, but Gabriel continued to break into both rooms despite these measures. Cheri had found missing items in a cut out portion of Gabriel's mattress and wedged between his bed and the wall.

The trial court found Gabriel guilty of residential burglary. It also found there was no evidence to support the sexual motivation enhancement.

Gabriel appealed.

## ANALYSIS

### SUFFICIENCY OF THE EVIDENCE

Gabriel's central argument is there was insufficient evidence to establish that he entered Cheyenne's bedroom with the intent to commit the crime of theft. In challenging the sufficiency of the evidence, he makes two arguments. He first argues there was insufficient evidence he intended to take Cheyenne's property. He additionally argues that the trial court's finding that he intended to "take" Cheyenne's property is insufficient to support the notion that he entered Cheyenne's bedroom with the intent to commit theft. More specifically, he argues that this finding fails to include the necessary finding that he intended to *deprive* Cheyenne of her property. We address his two arguments separately.

In a criminal case, the State must provide sufficient evidence to prove each element of the charged offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S.

307, 316, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). In evaluating the sufficiency of the evidence in a juvenile adjudication, this court must determine whether, when viewing the evidence in the light most favorable to the State, any rational trier of fact could have found guilt beyond a reasonable doubt. *State v. J.P.*, 130 Wn. App. 887, 891, 125 P.3d 215 (2005). A claim of insufficiency of the evidence admits the truth of the State's evidence and all reasonable inferences from that evidence. *State v. Kintz*, 169 Wn.2d 537, 551, 238 P.3d 470 (2010). Reviewing courts also must defer to the trier of fact "on issues of conflicting testimony, credibility of witnesses, and the persuasiveness of the evidence." *State v. Thomas*, 150 Wn.2d 821, 874-75, 83 P.3d 970 (2004). This court does not reweigh the evidence and substitute its judgment for that of the fact finder. *State v. Green*, 94 Wn.2d 216, 221, 616 P.2d 628 (1980). For sufficiency of evidence claims, circumstantial and direct evidence carry equal weight. *State v. Varga*, 151 Wn.2d 179, 201, 86 P.3d 139 (2004).

In a juvenile adjudication, this court reviews whether substantial evidence supports the findings of fact and, in turn, whether the findings of fact support the conclusions of law. *State v. B.J.S.*, 140 Wn. App. 91, 97, 169 P.3d 34 (2007). Unchallenged findings are verities on appeal. *Id.*

4

No. 34633-1-III
*State v. Broadway*

A person is guilty of residential burglary when the person enters or remains unlawfully in a dwelling with the intent to commit a crime. RCW 9A.52.025. A person enters or remains unlawfully if the person does not have a license, invitation, or privilege to enter or remain. RCW 9A.52.010(2). A child may lawfully be excluded from portions of the house and entry into the restricted portions can support a burglary charge. *State v. Crist*, 80 Wn. App. 511, 514-15, 909 P.2d 1341 (1996).

Gabriel first argues there was insufficient evidence to support the trial court's finding of fact 9[2] that he intended to take personal items from Cheyenne. We disagree.

Gabriel had been repeatedly told to stay out of Cheyenne's bedroom, and both doors to Cheyenne's bedroom had been locked to keep Gabriel out of it. Cheyenne's personal items had been taken repeatedly from her bedroom. Gabriel's stepmother had found missing items in Gabriel's mattress and wedged between his bed and the wall. Here, Gabriel used a kitchen knife to break into Cheyenne's bedroom. Notably, just after Cheyenne entered her bedroom, she noticed Gabriel fleeing from her bedroom to the communal bathroom. "Flight is circumstantial evidence of guilt." *State v. Baxter*, 68

---

[2] Finding of fact 9 provides: "While there was no testimony specifically regarding [Gabriel's] intent in entering [Cheyenne's] bedroom, it is evident to the Court [that Gabriel] entered her bedroom with [the] intent to take her property." Suppl. Clerk's Papers at 2.

5

Wn.2d 416, 421, 413 P.2d 638 (1966). Viewing this evidence in the light most favorable

to the State, a rational trier of fact could have found beyond a reasonable doubt that

Gabriel entered Cheyenne's bedroom with the intent to take her personal items.

Gabriel next argues that finding 9, even if sufficiently supported, is insufficient to

establish the crime of theft. More specifically, he argues that intent to "take" another's

property does not amount to theft. Instead, the State must prove intent to "deprive." We

disagree that finding 9, when considered with the trial court's other findings, is

insufficient.

"Theft" includes "wrongfully obtain[ing] or exert[ing] unauthorized control over

the property or services of another . . . with intent to deprive him or her of such property

or services." RCW 9A.56.020(1)(a). Although unartful, the trial court's finding used the

colloquial term "take." In view of the findings as a whole, it is clear that the trial court

did not mean "take" in the form of borrowing, but "take" in the form of depriving. *See*

*State v. Gatlin*, 158 Wn. App. 126, 131, 241 P.3d 443 (2010) (When reviewing the

sufficiency of a finding, the reviewing court is not isolated to the singular finding.). The

trial court's findings include a recitation of Gabriel's history of taking Cheyenne's

personal items and hiding items in his mattress and between his bed and wall. In light of

6

the trial court's findings, we believe the colloquial term "take" is sufficient to convey the

required finding that includes an intent to deprive Cheyenne of her property.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

Lawrence-Berrey, J.

WE CONCUR:

Fearing, C.J.

Korsmo, J.

7