186 N.J. Super. 236 (1982)
452 A.2d 223
THE STATE OF NEW JERSEY, PLAINTIFF,
v.
RICHARD SCHENCK, DEFENDANT.
Superior Court of New Jersey, Law Division Hunterdon County.
Decided September 21, 1982.
*237 Before Judges MARZULLI, NEAGLE and McGANN.
Gerard F. Long for defendant.
Kevin R. Brotz, Assistant Prosecutor, for the State (William B. Palleria, Hunterdon County Prosecutor, attorney).
PER CURIAM.
This motion raises the following interesting question: Has the crime of entering a public place with intent to steal (formerly encompassed by N.J.S.A. 2A:94-1) been eliminated by the adoption of the New Jersey Code of Criminal Justice? We hold that it has.
Richard Schenck was charged in a two-count indictment with entering with intent to steal (N.J.S.A. 2A:94-1) and robbery (N.J.S.A. 2A:141-1) as the result of his activity at the Hunterdon County National Bank on October 14, 1978. By its verdict of guilty on both counts a jury found that he had entered the bank at 2:30 p.m. and walked up to a teller and presented her with a note reading, "Give me your money. I have a gun." She gave him $2,828. He walked out with it and was shortly thereafter apprehended and charged. He appealed the conviction and sentence of five to seven years on the first count and a consecutive seven to ten years on the second. Both conviction and sentence were upheld. His subsequent motion to the trial court for reduction of the sentence was denied.
Pursuant to N.J.S.A. 2C:1-1(d)(2), Schenck moves this Panel to review his sentence and to impose a new sentence under the Code. He argues that we have jurisdiction to do so because, in the language of the statute, he is a "person who is under sentence of imprisonment on the effective date of the code for an offense committed prior to the effective date which has been eliminated by the code...."
N.J.S.A. 2A:94-1 provided:
Any person who willfully or maliciously breaks and enters, or enters without breaking, any building, structure, room, ship, vessel, car, vehicle or airplane, with *238 intent to kill, kidnap, rob, steal, commit rape, mayhem or battery, is guilty of a high misdemeanor.
That statute was repealed by enactment of the Code. N.J.S.A. 2C:98-2. N.J.S.A. 2C:1-5(a) provides: "Common law crimes are abolished and no conduct constitutes an offense unless the offense is defined by this code or another statute of this State." The Code offense conceptually closest to N.J.S.A. 2A:94-1 is burglary (N.J.S.A. 2C:18-2), defined in the following fashion:
A person is guilty of burglary, if, with purpose to commit an offense therein he:
(1) Enters a structure, or a separately secured or occupied portion thereof, unless the structure was at the time open to the public or the actor is licensed or privileged to enter; or
(2) Surreptitiously remains in a structure or a separately secured or occupied portion thereof knowing that he is not licensed or privileged to do so.
The bank in question was open to the public when Schenck entered with his note.[1]
The rationale behind the Code's narrowing of the crime of breaking and entering to its definition of burglary is best explained by the Commentary to the Code (Final Report of the New Jersey Criminal Law Revision Commission, "The New Jersey Penal Code," vol. II (October 1971), at 209:
The core of the common law concept of burglary was breaking and entering a dwelling house at night with intent to commit a felony therein. See State v. Burrell, 120 N.J.L. 277 (E & A 1938); State v. Hauptmann, 115 N.J.L. 412 (E & A 1935); State v. Butler, 27 N.J. 560 (1958). The scope of the offense has been drastically enlarged by statute so that now it may be committed by entry alone, in day as well as night, and with intent to commit many more crimes: N.J.S. 2A:94-1....
This expansion of the crime of burglary has led to serious problems. Since every burglary is by hypothesis an attempt to commit some other crime, and since even the lower degrees of burglary are often punishable more severely than the crime which the actor was preparing to commit, the great expansion of burglary has introduced serious anomalies in prosecution and punishment. The prosecutor and the courts have it in their power to treat as burglary behavior *239 which is distinguishable from theft on purely artificial grounds. This over-expansion of burglary legislation is probably explicable as an effort to compensate for defects of traditional attempt law. The common law ordinarily did not punish a person who embarked on a course of criminal behavior unless he came very close to his goal; sometimes it is put that to be guilty of attempt the actor must do the final act which would accomplish his object but for the intervention of circumstances beyond his control. Moreover, penalties for attempt were disproportionately low as compared with the completed offense. Expansion of burglary provided a kind of solution for these problems. By making entry with criminal intent an independent substantive offense, the moment when the law could intervene was moved back, and severe penalties could be imposed.
The notable severity of burglary penalties is accounted for by the fact that the offense was originally confined to violent nighttime assault on a dwelling.
But the Code remedies the defects of common law attempt, moving the point of criminality well back into the area of preparation to commit crime, and it provides severe penalties for attempts to commit grave crimes.
The needed reform takes the direction of narrowing the offense to something like the distinctive situation for which it was originally devised: invasion of premises under circumstances specially likely to terrorize occupants. MPC T.D. 11, pp. 55-57 (1960).... At common law the "breaking" had become little more than symbolic, often requiring absurd distinctions. The core of the conception of breaking seems to have been "unlawful intrusion" or, as put in Subsection a, "entry without privilege." At least this much of the concept of "breaking" should be retained in order to exclude from burglary situations like the following: a servant enters his employer's house meaning to steal some silver, a shoplifter enters a department store during business hours to steal from the counters, a litigant enters the courthouse with intent to commit perjury; a fireman called to put out a fire resolves, as he breaks down the door of the burning house, to appropriate some of the householder's belongings. Such situations involve no intrusion, no element of aggravation of the crime which the actor proposed to carry out, and we therefore decline to follow those current statutes which purport to include any entry with criminal purpose....
A person is "privileged" to enter, within the meaning of Section 2C:18-2, if by license, custom or otherwise, the general public is invited or permitted to enter, and it is not intended that a proprietor of a store might enlarge the applicability of the burglary law by posting notices that shoplifters are not welcome ...
Furthermore, under the General Principles of this Code, a person who mistakenly supposed that he had a right to enter or remain in a building would not be guilty of burglary, even if he entered or remained to commit a crime. MPC T.D. 11, p. 58 (1960).
The Code also refers to "premises ... open to the public" which makes it clear that entry into premises accessible to the public cannot be prosecuted as burglary even if the proprietor sought to restrict the implied license, for example, by posting notice at the door of a department store that loiterers and shoplifters are forbidden to enter. MPC P.O.D., p. 157 (1962). Davis v. Hellwig, 21 N.J. 412, 418 (1956), appears to be inconsistent with this view of burglary....
*240 Thus the Code, where a public place is involved, does not seek to punish the entry but the criminal act which is committed after the entry  in this case, the robbery. N.J.S.A. 2C:1-8(a)(2).
Relying upon State v. Velez, 176 N.J. Super. 136 (App.Div. 1980), the State argues here that the equivalent offense under the Code to entering with intent to commit robbery is criminal attempt to commit robbery, as defined in N.J.S.A. 2C:5-1, which states:
a. Definition of attempt. A person is guilty of an attempt to commit a crime if, acting with the kind of culpability otherwise required for commission of the crime, he: ...
(3) Purposely does or omits to do anything which, under the circumstances as a reasonable person would believe them to be, is an act or omission constituting a substantial step in a course of conduct planned to culminate in his commission of the crime.
While criminal attempt may be an included offense in the principal crime charged (N.J.S.A. 2C:1-8(d)(2)  it is not a separate and distinct crime from the underlying crime charged. N.J.S.A. 2C:5-1. The rationale of State v. Velez is not applicable to this case. An analysis of Code provisions reveals that there is no such crime as an attempt to commit a robbery. Robbery is an aggravated form of theft. Thus, N.J.S.A. 2C:15-1 provides:
a. Robbery defined. A person is guilty of robbery if, in the course of committing a theft, he:
(1) Inflicts bodily injury or uses force upon another; or
(2) Threatens another with or purposely puts him in fear of immediate bodily injury; or
(3) Commits or threatens immediately to commit any crime of the first or second degree.
An act shall be deemed to be included in the phase "in the course of committing a theft" if it occurs in an attempt to commit theft. ... [Emphasis supplied.]
Therefore, one who attempts to commit a theft (with the aggravating circumstances for a robbery being present) is guilty  if at all  of robbery. In other words he cannot be charged with an attempt (N.J.S.A. 2C:5-1) to attempt to commit a theft (N.J.S.A. 2C:15-1(a). The State's argument that entering the bank with intent to commit robbery is the equivalent of an attempt to rob lacks rational underpinning.
*241 We rule, therefore, that defendant has standing to have this Panel review his sentence. The matter will be set for a hearing to determine whether he can show "good cause" for imposition of a new sentence under the Code.
NOTES
[1] The exception based on the structure's being "open to the public" comes into play as an affirmative defense to the companion statute entitled "Criminal Trespass," N.J.S.A. 2C:18-3.