PARIENTE, J.,
dissenting.
I respectfully dissent to the majority’s conclusion that the sentences provided in section 775.087 always trump the statutory máximums in other statutes.
Although popularly known as the 10-20-Life statute, section 775.087 is actually entitled “Possession or use of weapon; aggravated battery; felony reclassification; minimum sentence.” (Emphasis added.) The very title indicates that the statute is not meant to impose new statutory máxi-mums for gun-related offenses, but rather the intent was to mandate significant statutory minimum sentences. The answer to the statutory construction question— whether section 775.087 always trumps the statutory máximums of 775.082 — cannot be resolved by a plain reading of 775.087(2)(a). The Legislature could have easily indicated that section 775.087(2)(a)(3) overrode all statutory máx-imums provided in 775.082. It did not.
Rather, reading 775.082 and 775.087 together, as the doctrine of in pari materia requires and as the Legislature indicates in section 775.087(2)(c), leads to the conclusion that the statutory minimum sentence for a crime in which a firearm is discharged is governed by section 775.087, but that the statutory máximums provided in 775.082 are not overridden unless the statutory máximums of 775.082 are less than the statutory mínimums of section 775.087. See § 775.087(2)(c), Fla. Stat. (2004). Simply put, section 775.087, when read together with section 775.082, does not specify overriding of the statutory máximums in all cases and does not provide that the range provided for in section 775.087(2)(a)(3) wholly nullifies any statutory maximum. Therefore, given this ambiguity, the rule of lenity should be applied, and the statute should be construed most favorably to Mendenhall.
ANALYSIS
“The doctrine of in pari materia is a principle of statutory construction that requires that statutes relating to the same subject or object be construed together to harmonize the statutes and to give effect to the Legislature’s intent.” Fla. Dep’t of State v. Martin, 916 So.2d 763, 768 (Fla.2005). Similarly, “related statutory provisions must be read together to achieve a consistent whole, and ... ‘[wjhere possible, courts must give full effect to all statutory provisions and construe related statutory provisions in harmony with one another.’ ” Larimore v. State, 2 So.3d 101, 106 (Fla.2008) (quoting Heart of Adoptions, Inc. v. J.A., 963 So.2d 189, 199 (Fla.2007)).
The issue in this case is one of statutory construction that involves the interplay between section 775.087(2), which authorizes mandatory minimum sentences for certain crimes, and section 775.082, which author *752 izes a maximum sentence of thirty years for the conviction of a first-degree felony. Section 775.087 is meant to be read together with other sentencing statutes such as section 775.082 and is not its own self-contained sentencing scheme. The statute clearly contemplates interplay between itself and other statutes. The Legislature even provided guidance as to how the statute should be read together with section 775.082. See § 775.087(2)(c), Fla. Stat. (2004) (explicitly addressing situations where the mandatory minimum is either more or less than the statutory máximums provided for elsewhere and specifically referencing section 775.082). Thus, we must read section 775.087(2)(a)(8) together with sections 775.087(2)(e) and 775.082.
The majority ignores the principle of reading the statutes together and instead utilizes the statutory construction principle that a specific statute controls over the general. However, the statutes address different things and are meant to be read together as indicated by section 775.087(2)(c) — section 775.087(2) specifies mandatory mínimums whereas section 775.082 specifies statutory máximums. Simply put, although section 775.087 is specific as to statutory mínimums, it is not specific as to statutory máximums.
Under section 775.087(2)(c), if the “minimum mandatory terms of imprisonment imposed pursuant to this section exceed the maximum sentences authorized by s. 775.082, s. 775.084, or the Criminal Punishment Code under chapter 921, then the mandatory minimum sentence must be imposed.” § 775.087(2)(c), Fla. Stat. (emphasis added). On the other hand, if the “mandatory minimum terms of imprisonment ... are less than the sentences that could be imposed as authorized by s. 775.082, s. 775.084, or the Criminal Punishment Code under chapter 921, then the sentence imposed by the court must include the mandatory minimum term of imprisonment as required in this section.” Id. (emphasis added). Based on section 775.087(2)(c), the minimum sentence to be imposed under 775.087 does not trump the statutory maximum provided in 775.082 unless the minimum sentence exceeds the statutory maximum. It does not change the statutory maximum or negate it all together.
This section is in keeping with the title of the chapter, which addresses minimum sentences. The title of a chapter is properly considered in determining legislative intent. Horowitz v. Plantation Gen. Hosp. Ltd. P’ship, 959 So.2d 176, 182 (Fla.2007) (considering the title of the chapter as reflecting the Legislature’s intent); see also Larimore, 2 So.3d at 112 (“[T]he title of an act is properly considered in determining legislative intent.”). Here, the title of the chapter evinces a legislative intent to mandate significant statutory minimum sentences, not new statutory máximums irrespective of the statutory máximums provided for elsewhere.
This brings us to the interpretation of the statutory minimum terms provided in section 775.087(2)(a). The first two subsections, (2)(a)(l) and (2)(a)(2), are clear and unambiguous and provide for statutory minimum terms of a specific number of years. Subsection (2)(a)(l) provides that a defendant convicted of possession of a firearm by a felon “shall be sentenced to a minimum term of imprisonment of 10 years” and in certain other circumstances to a “minimum term of imprisonment of 3 years.” Subsection (2)(a)(2) provides that a person who is convicted of certain felonies or attempted felonies and uses the firearm during the course of the commission of the felony “shall be sentenced to a minimum term of imprisonment of 20 years.” Therefore, when subsections (2)(a)(l) and (2)(a)(2) are read in conjunc *753 tion with subsection (2)(c) and section 775.082, it is easy to determine in what circumstances the minimum term specified is greater than the statutory maximum or when the mandatory minimum is less than the statutory maximum. It is also clear as to how many years should be imposed or included as the mandatory minimum.
The clash between the statutory máxi-mums of section 775.082 and the minimum sentences of 775.087 occurs when applying section 775.087(2)(a)(3), which is the only subsection to provide for a range. Subsection (2)(a)(3) provides that a person who discharges a firearm causing death or great bodily harm “shall be sentenced to a minimum term of imprisonment of not less than 25 years and not more than a term of imprisonment of life in prison.” While it is clear that a sentence of at least twenty-five years must be imposed as a minimum in all circumstances, it is not clear whether the trial court can impose a minimum term in excess of the statutory maximum of thirty years in this case.
An examination of the language of section 775.087(2)(c) reveals another ambiguity: the phrase “the mandatory minimum sentence” as used in subsection (2)(e) and as applied to subsection (2)(a)(3) is ambiguous because it is not clear whether it refers only to the absolute minimum sentence that must be imposed (twenty-five years) or to the entire range. Further, by explicitly stating that statutory máximums in other statutes are trumped by the section 775.087 statutory mínimums when the minimum sentence exceeds the statutory máximums, the Legislature failed to address what occurs where there is a range of sentencing options, as there is in section 775.087(2)(a)(3). In this case, the statutory maximum is thirty years, whereas the sentencing range is twenty-five to life. Whether the range is meant to be considered as exceeding the statutory maximum is unclear.
The majority concludes that the trial court has discretion to impose a mandatory minimum sentence of twenty-five years to life, irrespective of the maximum penalty on the underlying charge under section 775.082. This interpretation nullifies the statutory máximums of section 775.082, without any indication that the Legislature intended for this nullification to occur.
Because the statute is ambiguous as to legislative intent regarding statutory máxi-mums, I conclude that it must be construed most favorably to Mendenhall. As this Court has stated, the rule of lenity “is not just an interpretive tool, but a statutory directive. The rule requires that ‘[a]ny ambiguity or situations in which statutory language is susceptible to differing constructions must be resolved in favor of the person charged with an offense.’ ” Kasischke v. State, 991 So.2d 803, 814 (Fla.2008) (citation omitted) (quoting State v. Byars, 823 So.2d 740, 742 (Fla.2002)). If the Legislature intended to allow trial courts the discretion to impose a mandatory minimum sentence of life even if the statutory maximum is much less, it was incumbent upon the Legislature to make that intent clear.
In my view, this reading of the statute does not render the phrase “and not more than ... life” mere surplusage as the majority contends. Here, Mendenhall was convicted of a second-degree felony that was then enhanced to a first-degree felony, which carries a maximum sentence of thirty years. Thus, the phrase “and not more than ... life” would not apply to this case. However, the majority overlooks situations where the phrase would apply. For example, if a defendant is convicted of a first-degree felony that is enhanced by the 10-20-Life statute to a life felony, see § 775.087(l)(a), Fla. Stat., the maximum *754 sentence would then be life imprisonment. See § 775.082(3)(a)(3), Fla. Stat. (2004). In that situation, sections 775.087(2)(a)(3) and (2)(c) would allow the trial court to impose a mandatory minimum sentence up to life. Accordingly, while the phrase “and not more than ... life” would not apply in this case, there are situations in which it would apply. Thus, this interpretation of the statute does not render the phrase meaningless.
Further, while section 775.087(2)(d) provides that the Legislature intends that offenders who possess and use firearms should be punished “to the fullest extent of the law,” that same section also expresses its intent that the “minimum terms of imprisonment shall be imposed.” (Emphasis added.) Once again, this evinces an intent for courts to impose the minimum terms of imprisonment provided for in section 775.087(2)(a), even those that might be in excess of a statutory maximum in another statute. But the statutory scheme does not evince an intent to set new statutory máximums to override all other statutory máximums.
We should err on the side of applying the rule of lenity when the alternative construction of an ambiguous statute would result in such harsh consequences. Mendenhall was convicted of a second-degree felony, which carries a maximum sentence of fifteen years. See § 775.082(3)(c), Fla. Stat. (2004). His conviction was enhanced by section 775.087(l)(b) to a first-degree felony, the maximum sentence for which is thirty years. See § 775.082(3)(b), Fla. Stat. Further application of section 775.087 requires an absolute minimum mandatory sentence of twenty-five years to be imposed, meaning that Mendenhall will serve at least twenty-five years because the 10-20-Life statute provides that a defendant is not eligible for gain-time or any other form of discretionary early release (other than pardon or executive clemency) prior to serving the minimum sentence.
Under my view of section 775.087(2)(a)(3), the sentence for Menden-hall’s offense after both enhancements increases from a maximum of fifteen years to a maximum sentence of thirty years with a mandatory minimum sentence between twenty-five and thirty years. This is already significantly harsher than his original, unenhanced sentence of fifteen years and is in keeping with the legislative intent expressed in subsection (2)(d) that offenders who possess and use firearms should be punished “to the fullest extent of the law.” To allow a trial judge unfettered discretion to impose a mandatory minimum sentence of life for an offense such as Mendenhall’s without express legislative authorization, but rather by judicial construction of the statute, works an injustice and is contrary to our doctrine of separation of powers.
CONCLUSION
The Legislature has not evinced a clear intent for section 775.087(2)(a)(3) to override all statutory máximums. Rather, the Legislature gave guidance as to how section 775.087(2)(a)(3) should be read together with section 775.082, which is a clear indication that statutory máximums were meant to play some role in sentencing under the statute. See § 775.087(2)(e), Fla. Stat. (2004). However, this guidance is simply unhelpful and ambiguous when applying subsection (2)(a)(3).
Applying the rule of lenity to this ambiguous statute requires us to interpret it most favorably to Mendenhall. If the Legislature intended to allow trial courts the discretion to impose a minimum mandatory sentence of life even if the statutory maximum is much less, it was incumbent *755 upon the Legislature to make that intent clear.
For all of these reasons, I respectfully dissent.
QUINCE and PERRY, JJ., concur.