**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3099-16T3

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

ANTHONY VEGA,

     Defendant-Appellant.

_____

> Submitted September 25, 2018 – Decided October 10, 2018
>
> Before Judges Yannotti and Natali.
>
> On appeal from Superior Court of New Jersey, Law Division, Bergen County, Indictment No. 05-12-2152.
>
> Joseph E. Krakora, Public Defender, attorney for appellant (Andrew R. Burroughs, Designated Counsel, on the brief).
>
> Dennis Calo, Acting Bergen County Prosecutor, attorney for respondent (Jenny X. Zhang, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant appeals from an August 1, 2016 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

I.

In 2005, defendant was charged in an indictment with three counts of first-degree murder, N.J.S.A. 2C:11-3(a)(1)-(3), two counts of second-degree attempted kidnapping, N.J.S.A. 2C:5-1 and 2C:13-1(b), first-degree armed robbery, N.J.S.A. 2C:15-1, second-degree aggravated assault, N.J.S.A. 2C:12-1(b)(1), second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a), third-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(b), third-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(d), fourth-degree unlawful possession of a weapon, N.J.SA. 2C:39-5(d), first-degree conspiracy to commit murder, N.J.S.A. 2C:5-2 and 2C:11-3(a)(1)-(2), second-degree conspiracy to commit kidnapping, N.J.S.A. 2C:5-2 and 2C:13-1(b), and second-degree conspiracy to commit armed robbery, N.J.S.A. 2C:5-2 and 2C:15-1.

On August 15, 2008, pursuant to a negotiated plea agreement, defendant pled guilty to two counts of second-degree attempted kidnapping, one count of first-degree armed robbery, one count of second-degree conspiracy to commit

robbery, and one count of second-degree conspiracy to commit kidnapping. In return, the State agreed to dismiss the remaining charges.

At the plea hearing, defendant admitted his guilt and that he was entering the plea freely, intelligently and voluntarily. Defendant also stated that he discussed the charges with counsel and was satisfied with his services. Defendant's counsel advised the court that prior to the plea, he met with defendant thirty-five to forty times, discussed the charges with him and provided defendant with all pre-trial discovery from the State.

On March 26, 2009, defendant was sentenced to a total of fifteen years, subject to the No Early Release Act, N.J.S.A. 2C:43-7.2. Defendant appealed only his sentence and on August 3, 2011, we affirmed by order. State v. Vega, No. A-5963-08 (App. Div. August 3, 2011). On March 22, 2012, the Supreme Court denied certification. State v. Vega, 210 N.J. 27 (2012). While this appeal was pending, defendant was released from incarceration.

On May 12, 2012, defendant filed a petition for a writ of habeas corpus in the United States District Court for the District of New Jersey, pursuant to 28 U.S.C. § 2254, claiming that there was an insufficient factual basis for his guilty plea. On December 18, 2012, the district court denied defendant's petition without prejudice due to his failure to exhaust state remedies and explained:

> [defendant] submitted a letter in which he states that he was recently informed by the Superior Court[] of New Jersey that he had not given them a copy of his petition for post-conviction relief and he had not raised with them certain issues that are raised in this [habeas] petition; he asks this court for "leave" of this petition, until such time as he can properly re-present his case. This court construes the [l]etter as a request to stay this matter so that he can exhaust in state court the sole claim asserted here, that there was not a factual basis for his plea.

On July 15, 2015, defendant filed a pro se PCR petition. On August 18, 2015, he submitted a pro se brief in which he argued he was entitled to an evidentiary hearing because his trial counsel was ineffective for failing to investigate the facts adequately and thoroughly, failing to inform him as to the elements of the charged offenses, incorrectly informing him that his presence at the scene established guilt, and incorrectly advising him to plead guilty to charges that lacked a factual basis.

Defendant was assigned PCR counsel who filed a supplemental brief in further support of the petition. In addition to the arguments raised by defendant, PCR counsel claimed that the trial court abused its discretion by misapplying the aggravating and mitigating factors and imposing a manifestly excessive sentence. PCR counsel also maintained that trial counsel performed deficiently at the sentencing phase. Finally, PCR counsel claimed appellate counsel was

deficient for appealing only defendant's sentence and failing to file a plenary appeal.

On July 11, 2016, the PCR court heard oral argument and on August 1, 2016 issued an order and written opinion denying defendant's petition without an evidentiary hearing. The court concluded that defendant's petition was time-barred under Rule 3:22-12 and certain of his claims were procedurally barred pursuant to Rules 3:22-4 and 3:22-5. The PCR court also denied defendant's request for an evidentiary hearing as he failed to establish a prima facie case showing that his trial and appellate counsel were ineffective.

On appeal, defendant argues:

POINT I

DEFENDANT'S PCR PETITION IS NOT PROCEDURALLY BARRED.

A. The petition is not time barred.

B. The petition is not barred under Rule 3:22-5.

POINT II

AS DEFENDANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL, HE IS ENTITLED TO POST-CONVICTION RELIEF.

A. Plea counsel was ineffective by failing to properly advise his client as to the charge of armed robbery.

A-3099-16T3

B. Plea counsel failed to challenge erroneous findings of aggravating and mitigating factors at sentencing.

POINT III

AS DEFENDANT FAILED TO PROVIDE A SUFFICIENT FACTUAL BASIS TO THE CHARGES ALLEGED, THE GUILTY PLEA MUST BE VACATED.

A. As defendant failed to provide a sufficient factual basis to the robbery charge, the guilty plea must be vacated.

B. As defendant failed to provide a sufficient factual basis to the kidnapping charges, the plea must be vacated.

POINT IV

APPELLATE COUNSEL WAS INEFFECTIVE.

POINT V

AS THERE ARE GENUINE ISSUES OF MATERIAL FACTS IN DISPUTE, AN EVIDENTIARY HEARING WAS REQUIRED.

We review the legal conclusions of a PCR court de novo. State v. Harris, 181 N.J. 391, 419 (2004) (citing Manalapan Realty, LP v. Twp. Comm., 140 N.J. 366, 378 (1995)). The de novo standard of review applies to mixed questions of fact and law. Id. at 420. Where an evidentiary hearing has not been

6

held, it is within our authority "to conduct a de novo review of both the factual findings and legal conclusions of the PCR court." Id. at 421.

## II.

We agree with the PCR court that defendant's PCR petition was untimely. A first PCR petition must not "be filed . . . more than [five] years after the date of entry . . . of the judgment of conviction that is being challenged." R. 3:22-12(a)(1). The five-year period begins when the judgment of conviction is entered and is "generally neither stayed nor tolled by an appellate or other proceeding." State v. Murray, 162 N.J. 240, 249 (2000) (citations omitted).

The principal purpose of Rule 3:22-12(a) is to "encourage defendants reasonably believing they have grounds for post-conviction relief to bring their claims swiftly and discourage[] them from sitting on their rights until it is simply too late for a court to render justice." State v. Cummings, 321 N.J. Super. 154, 165 (App. Div. 1999) (citing State v. Mitchell, 126 N.J. 565, 576 (1992)). Encouraging litigants to file promptly serves two functions: avoiding prejudice to the State resulting from retrying contested issues long after they are resolved, and respecting the need for finality in judicial determinations. Ibid. (citation omitted).

A-3099-16T3

However, a court may relax the five-year time bar "if the defendant alleges facts demonstrating that the delay was due to the defendant's excusable neglect or if the 'interests of justice' demand it." State v. Goodwin, 173 N.J. 583, 594 (2002) (quoting Mitchell, 126 N.J. at 576); see R. 3:22-12(a)(1). If the petitioner fails to allege sufficient facts demonstrating excusable neglect and a fundamental injustice, Rule 3:22-12(a)(1) "bars the claim." Mitchell, 126 N.J. at 576.

"The concept of excusable neglect encompasses more than simply providing a plausible explanation for a failure to file a timely PCR petition." State v. Norman, 405 N.J. Super. 149, 159 (App. Div. 2009). In this regard, a defendant's "lack[ ][of] sophistication in the law does not satisfy the exceptional circumstances required" for relaxation of the time-bar. Murray, 162 N.J. at 246.

Defendant's judgment of conviction was entered on March 26, 2009, and he filed this PCR petition on July 16, 2015. Because defendant's petition was filed more than six years after the judgment of conviction, it is procedurally barred as untimely unless defendant's delay was due to excusable neglect and there is "a reasonable probability" that enforcement of the time-bar would result in a fundamental injustice. R. 3:22-12(a)(1)(A).

Defendant failed to provide any explanation for his belated filing in his PCR petition, but contends for the first time on appeal that he "did not learn of the factual predicate that his state conviction would have adverse collateral consequences until after his federal appeals efforts failed."[1] Not only is defendant's proffered reason legally deficient, it is contradicted by the record. Indeed, defendant sent a letter to the federal district court prior to December 2012 in which he sought dismissal of his habeas application and acknowledged his right to file a PCR petition.

That was well over a year before the five-year bar prescribed in Rule 3:22-12(a)(1) and two-and-one-half years before defendant actually filed his PCR petition. Thus, the facts presented by defendant do not even provide a "plausible explanation" for his delay, Norman, 405 N.J. Super. at 159, but rather, at best, are grounded in his "lack[] [of] sophistication in the law [which] does not satisfy the exceptional circumstances required" for relaxation of the time-bar. Murray, 162 N.J. at 246.

Next, we agree with the PCR court that defendant's challenge to the length of his sentence is procedurally barred pursuant to Rule 3:22-5, which provides

---

[1] In the PCR court, counsel "acknowledge[d] that the time bar in R. 3:22-12 may affect the viability of the [p]etition," but stated defendant was "in possession of correspondence from the court that addresses the issue." No such correspondence is contained in the record.

that "[a] prior adjudication upon the merits of any ground for relief is conclusive whether made in the proceedings resulting in the conviction or in any post-conviction proceeding brought pursuant to this rule[.]" Thus, a prior adjudication of any issue, particularly those addressed on direct appeal, will ordinarily bar PCR. Harris, 181 N.J. at 494.[2]

Here, defendant challenged the length of his sentence in his direct appeal. Indeed, during oral argument, his appellate counsel "ask[ed] that his sentence be reduced to ten years with [eighty-five] percent [parole ineligibility]" and referenced the arguments made by trial counsel in support of and against certain mitigating factors and aggravating factors. We affirmed defendant's sentence and concluded that "the sentence is not manifestly excessive or unduly punitive and does not constitute an abuse of discretion." As such, defendant is procedurally barred from challenging his sentence through a PCR petition.

III.

Next, defendant's claim that his 2009 conviction should be vacated because there was an insufficient factual basis for the charges is procedurally defective and substantively meritless. As the PCR court correctly concluded, Rule 3:22–4(a)(1) precludes a petitioner from presenting a claim "not raised in

---

[2] We discuss (and reject) at pp. 13-14, infra, defendant's ineffective assistance of counsel claim related to his sentence.

the proceedings resulting in the conviction . . . or in any appeal taken in any such proceeding" unless "the ground for relief not previously asserted could not reasonably have been raised in any prior proceedings." However, to meet this exception, a petitioner must show "that the factual predicate for that ground could not have been discovered earlier through the exercise of reasonable diligence." R. 3:22-4(a)(3).

Here, all of the information necessary to support defendant's claim that his plea was factually deficient was contained in the transcript of the plea hearing, which was available to defendant at the time of his direct appeal. Thus, defendant is precluded from raising the issue for the first time in his PCR petition.

Furthermore, even if we were to assume that defendant's challenge to his plea is not procedurally barred, after reviewing the plea colloquy, we agree with the PCR court that defendant gave a sufficient factual basis for the armed robbery and kidnapping charges. Our court rules generally "require a judge to elicit a factual basis for a guilty plea." Mitchell, 126 N.J. at 577 (citing R. 3:9-2). "A factual basis for a plea must include either an admission or the acknowledgement of facts that meet the essential elements of the crime." State

v. Tate, 220 N.J. 393, 406 (2015) (citations and internal quotation marks omitted).

During the plea colloquy, defendant admitted that he was present when the kidnapping plan was hatched. In a guilty plea stipulation submitted pursuant to Rule 3:9-2, defendant admitted that he participated in the act by driving co-defendants to the scene. Defendant further admitted in the plea colloquy that he assaulted one of the victims. Thus, defendant clearly provided a sufficient factual basis for both kidnapping charges, N.J.S.A. 2C:5-1; 2C:13-1(b); 2C:5-2, and his claims that he was not involved in the kidnapping and merely present is belied by his sworn testimony.

Similarly, defendant provided a sufficient factual basis for the armed robbery charges because "defendant acknowledged that one of the reasons for going to the [scene] was to retrieve his brother's property that had been taken by [the victims]. Further, defendant knew that [a] codefendant . . . was bringing a handgun [to the] location and knew that a handgun could cause injury or death." Thus, pursuant to N.J.S.A. 2C:15-1(a), defendant admitted that in the course of committing a theft he threatened immediate bodily injury.

Defendant also claims that his allocution was insufficient on the robbery charges because he was "asserting the affirmative defense of claim of right,"

N.J.S.A. 2C:20-2(c)(2), which the trial judge failed to adequately explore prior to accepting the plea. He also argues that the plea was factually deficient because there was insufficient proof that the theft was consummated. Defendant's claims are meritless. As the Supreme Court held over twenty years ago in State v. Mejia, 141 N.J. 475 (1995), the claim of right defense is unavailable to a claim of robbery. Mejia, 141 N.J. at 500. Further, an act is "deemed . . . 'in the course of committing a theft' if it occurs in an attempt to commit theft . . . ." N.J.S.A. 2C:15-1 (emphasis added); see State v. Schenck, 186 N.J. Super. 236, 240 (Law Div. 1982).

Finally, even assuming defendant's petition was not time barred under Rule 3:22–12(a)(1), we are satisfied that defendant failed to sustain his burden of demonstrating an entitlement to PCR relief under the two-pronged test established in Strickland v. Washington, 466 U.S. 668 (1984), which our Supreme Court adopted in State v. Fritz, 105 N.J. 42 (1987), and was not entitled to an evidentiary hearing.

Under the first prong of the Strickland/Fritz test, a petitioner "must show that counsel's performance was deficient." Strickland, 466 U.S. at 687. It must be demonstrated that counsel's representation "fell below an objective standard of reasonableness" and that "counsel made errors so serious that counsel was not

13                                                                    A-3099-16T3

functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687–88; Fritz, 105 N.J. at 52, 60–61.

Under the second prong, a defendant must show that the defect in counsel's performance so "prejudiced defendant's rights to a fair trial" that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. In the context of a PCR petition challenging a guilty plea based on the ineffective assistance of counsel, the second prong is established when the defendant demonstrates a "reasonable probability that, but for counsel's errors, [the defendant] would not have pled guilty and would have insisted on going to trial." State v. Nuñez–Valdéz, 200 N.J. 129, 139 (2009) (alteration in original) (quoting State v. DiFrisco, 137 N.J. 434, 457 (1994)). Defendant must also show "a decision to reject the plea bargain would have been rational under the circumstances." Padilla v. Kentucky, 559 U.S. 356, 372 (2010); see State v. Maldon, 422 N.J. Super. 475 (App. Div. 2011).

Here, defendant fails to satisfy either prong of the Strickland/Fritz test. He argues trial counsel was ineffective because he failed to investigate the case, neglected to consult with him, gave deficient advice regarding the elements of the crimes and incorrectly advised him to plead guilty to crimes he didn't

14

commit. Defendant also claims trial counsel performed deficiently at sentencing when he failed to argue against the application of certain aggravating factors and failed to present the court with mitigating evidence.

Defendant's claim that trial counsel failed to investigate his case and did not consult with him is without merit as he failed to provide a supporting affidavit or certification from any witness "asserting the facts that an investigation would have revealed," Cummings, 321 N.J. Super. at 170, and how any different conduct of counsel would have resulted in defendant rejecting the plea offer. Defendant's argument that counsel failed to consult with him and incorrectly advised him that his presence at the scene established guilt is belied by the plea colloquy. The plea transcript confirms defendant admitted his guilt, entered the plea knowingly, voluntarily and after extensive consultation with counsel. We also reject defendant's claim that his counsel was ineffective for advising him to enter a plea to charges without a factual basis. As we have already concluded, the judge who accepted the plea complied with Rule 3:9-2 and assured there was an adequate factual basis for all of the charges. Defendant's contention that counsel performed deficiently during the sentencing phase is nothing more than an unsupported vague and conclusory allegation.

Further, it is an improper attempt to reargue claims we rejected on his direct appeal.

In addition, given the number of charges in the indictment and their severity, there is not a "reasonable probability" that, but for counsel's alleged errors, defendant would have refused to plead guilty and instead insisted on going to trial. Indeed, putting aside the dismissed charges, the kidnapping and armed robbery charges would have exposed defendant to significantly worse consequences.

IV.

We also find no basis in defendant's challenge to appellate counsel's performance. "The right to effective assistance includes the right to the effective assistance of appellate counsel on direct appeal." State v. O'Neil, 219 N.J. 598, 610–11 (2014) (citing Evitts v. Lucey, 469 U.S. 387, 396 (1985) ("A first appeal as of right . . . is not adjudicated in accord with due process of law if the appellant does not have the effective assistance of an attorney.")). However, an appellate attorney is not ineffective for failing to raise every issue imaginable. State v. Gaither, 396 N.J. Super. 508, 515 (App. Div. 2007). Instead, appellate counsel is afforded the discretion to construct and present what he or she deems are the most effective arguments in support of the client's position. Id. at 516.

Defendant argues appellate counsel improperly limited his direct appeal to a challenge to his sentence and instead should have requested the case be placed on this court's plenary calendar. He also maintains that appellate counsel "merely adopted the sentencing presentation of trial counsel" and failed to make an argument "regarding the inadequacy of the factual basis of the sentencing court's erroneous application of the aggravating and mitigating factors."

Defendant's first argument fails because he does not explain how a plenary appeal would have been successful, a prerequisite to obtaining relief in these circumstances. See State v. Echols, 199 N.J. 344, 361 (2009) (explaining that without a showing of reversible error, the failure of appellate counsel to have raised an issue "could not lead to the conclusion that there is a reasonable probability that, but for the errors of trial and appellate counsel, the outcome would have been different"). Further, we have rejected defendant's claims that trial counsel was ineffective during sentencing or otherwise and reject a claim suggesting appellate counsel's presentation challenging the sentence was lacking.

V.

Finally, defendant argues that the PCR court erred by failing to conduct an evidentiary hearing. We disagree.

17

Merely raising a claim for PCR does not entitle the defendant to an evidentiary hearing. Cummings, 321 N.J. Super. at 170. Rather, trial courts should grant evidentiary hearings only if the defendant has presented a prima facie claim of ineffective assistance, material issues of disputed fact lie outside the record, and resolution of the issues necessitate a hearing. R. 3:22–10(b); State v. Porter, 216 N.J. 343, 355 (2013).

"Rule 3:22–10 recognizes judicial discretion to conduct such hearings." State v. Preciose, 129 N.J. 451, 462 (1992). When deciding whether to grant an evidentiary hearing, a PCR court "should view the facts in the light most favorable to a defendant to determine whether a defendant has established a prima facie claim." Id. at 462–63. A hearing was not required here because defendant failed to establish a prima facie case for PCR, there were no material issues of disputed fact that could not be resolved by reference to the existing record, and an evidentiary hearing was not required to resolve defendant's claims. R. 3:22-10(b).

To the extent not addressed, defendant's remaining arguments lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3099-16T3