**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2019-20

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

KENNETH HINES,

    Defendant-Appellant.

_____

Submitted March 22, 2022 – Decided August 19, 2022

Before Judges Currier and DeAlmeida.

On appeal from the Superior Court of New Jersey, Law Division, Mercer County, Indictment No. 15-08-0948.

Kenneth Hines, appellant pro se.

Angelo J. Onofri, Mercer County Prosecutor, attorney for respondent (Laura Sunyak, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

    Defendant Kenneth Hines appeals from the November 13, 2019 order of the Law Division denying his motion to correct an illegal sentence. We affirm.

I.

In 2015, a grand jury indicted defendant, charging him with first-degree conspiracy, N.J.S.A. 2C:5-2; first-degree felony murder, N.J.S.A. 2C:11-3(a)(3) and N.J.S.A. 2C:2-6; first-degree attempted robbery, N.J.S.A. 2C:15-1 and N.J.S.A. 2C:2-6; two counts of second-degree possession of a weapon for an unlawful purpose; N.J.S.A. 2C:39-4(a) and N.J.S.A. 2C:2-6; and second-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(b) and N.J.S.A. 2C:2-6.

Pursuant to an agreement with the State, defendant entered a plea of guilty to first-degree attempted robbery. Defendant admitted the following: In 2014, he, Alexandria Gomez, and Jaquan Dallas were in a van which defendant was driving. Aware Dallas was armed with a handgun, defendant agreed with the two others to rob Ronald Harris. Dallas left the van with the intent to commit the robbery. Although he was unsuccessful in taking property from Harris, during the course of his attempt to do so, Dallas inflicted serious bodily injury on Rodney Burke.

In exchange for defendant's plea, the State agreed to dismiss the remaining counts of the indictment and waive its right to seek an extended sentence based on defendant's prior convictions. The trial court sentenced defendant to the seventeen-year prison term recommended by the State, subject to the No Early

Release Act, N.J.S.A. 2C:43-7.2, followed by a five-year period of parole supervision.

We affirmed defendant's sentence. <u>State v. Hines</u>, No. A-2406-17 (App. Div. Sept. 25, 2018).

In 2019, defendant filed a motion in the trial court pursuant to <u>Rule</u> 3:21-10(b)(5) to correct an illegal sentence. He argued that he should have been sentenced in the second-degree range because an attempt to commit a crime of the first degree must be treated as a second-degree offense for sentencing purposes. <u>See</u> N.J.S.A. 2C:5-4(a) ("an attempt . . . to commit a crime of the first degree is a crime of the second degree . . . .").

On November 13, 2019, the trial court issued an order and written statement of reasons denying defendant's motion. The court concluded that

> [t]he fact that no completed theft from Ronald Harris or Rodney Burke ever took place is of no bearing here. Normally, an inchoate, or unfinished, crime is considered an attempt, but this is not so in the case of robbery. Relevant case law states, unequivocally: "There is no such crime as an attempt to commit a robbery. Therefore, one who attempts to commit a theft (with the aggravating circumstances for a robbery being present) is guilty – if at all – of robbery." <u>State v. Schenck</u>, 186 N.J. Super. 236, 240 (Law Div. 1982).

The court found defendant admitted to an attempt to commit theft with the aggravating circumstances of robbery – that he, Gomez, and Dallas conspired to

rob Harris and during the attempt to commit that offense Dallas inflicted serious bodily injury on Burke. Thus, the court concluded, defendant admitted to committing first-degree robbery, not first-degree attempted robbery, and N.J.S.A. 2C:5-4(a) was inapplicable to defendant's conviction.

This appeal followed. Defendant raises the following argument.

> THE COURT ERRED IN DENYING DEFENDANT'S MOTION TO CORRECT AN ILLEGAL SENTENCE ON THE BASIS OF ITS ERRONEOUS LEGAL CONCLUSION THAT THE CRIME OF ATTEMPTED ROBBERY WAS NOT COGNIZABLE UNDER THE NEW JERSEY CRIMINAL CODE.

## II.

A motion to correct an illegal sentence may be filed at any time. R. 3:21-10(b)(5); State v. Schubert, 212 N.J. 295, 309 (2012). An illegal sentence "exceed[s] the penalties authorized by statute for a specific offense." State v. Murray, 162 N.J. 240, 246 (2000). "A sentence may also be illegal because it was not imposed in accordance with law. This category includes sentences that, although not in excess of the statutory maximum penalty," are not authorized by statute. Id. at 247. We review de novo the trial court's finding that a sentence is legal. Schubert, 212 N.J. at 303-04.

Having carefully reviewed the record, we agree with the trial court's conclusion that defendant was properly sentenced.

4

A person is guilty of robbery if, in the course of committing a theft, he:

(1) Inflicts bodily injury or uses force upon another; or

(2) Threatens another with or purposely puts him in fear of immediate bodily injury; or

(3) Commits or threatens immediately to commit any crime of the first or second degree.

An act shall be deemed to be included in the phrase "in the course of committing a theft" if it occurs in an attempt to commit theft or in immediate flight after the attempt or commission.

[N.J.S.A. 2C:15-1(a).]

In addition,

[r]obbery is a crime of the second degree, except that it is a crime of the first degree if in the course of committing the theft the actor attempts to kill anyone, or purposely inflicts or attempts to inflict serious bodily injury, or is armed with, or uses or threatens the immediate use of a deadly weapon.

[N.J.S.A. 2C:15-1(b).]

We agree with the trial court's rejection of defendant's argument that his co-conspirators' failure to complete their intended theft from Harris rendered their offense an attempted robbery. N.J.S.A. 2C:15-1(a) plainly provides that a

first-degree robbery occurs when a person inflicts serious bodily injury on another during an attempt to commit a theft. As the Supreme Court explained,

> a defendant can be convicted of robbery, even if the theft is unsuccessful, if he or she (1) purposely takes a substantial step (2) to exercise unlawful control over the property of another (3) while threatening another with, or purposely placing another in fear of, immediate bodily injury.
>
> [State v. Farrad, 164 N.J. 247, 258 (2000).]

Defendant admitted to facts constituting first-degree robbery. He was sentenced to a term of incarceration in the first-degree range consistent with his plea agreement with the State. His sentence complies with N.J.S.A. 2C:15-1.[1]

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[1] Although count three of the indictment charged defendant with first-degree attempted robbery, it alleges facts consistent with first-degree robbery. The record reveals defendant was aware of the allegations against him, was fully apprised of his rights, and with the assistance of counsel negotiated a favorable plea agreement. Prior to entry of the plea, the court informed defendant of the consequences of pleading guilty to first-degree robbery and of his sentencing exposure. We conclude the drafting error in the indictment was a matter of form that did not prejudice defendant or his defense on the merits of the charges against him.